UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DEE V. TOWLES,<br><br>    Petitioner,<br>v.<br>BACA, et al.,<br><br>    Respondents. | Case No. 3:16-cv-00050-HDM-WGC<br><br>ORDER |

This *pro se* habeas matter under 28 U.S.C. § 2254 comes before the court on respondents' motion to dismiss several grounds in petitioner Dee V. Towles' petition (ECF No. 17).

**I.    Procedural History and Background**

Towles was originally charged with one count of sexual assault and one count of lewdness with a child under age 14 (exhibits. 1, 3).[1] On February 10, 2009, Towles was convicted pursuant to a guilty plea agreement of one count of misdemeanor disturbing the peace. Exh. 12. The state district court sentenced Towles to six months in county jail. Ex. 11. The sentence was to run consecutively to case no. C70938 wherein he was sentenced to two concurrent sentences of life with the possibility of parole and a concurrent five-year sentence for lewdness with a minor. Exhs. 10, 11, 12, 13. Judgment of conviction was filed on February 25, 2009. Exh. 12.

---

[1] Exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 17, and are found at ECF No. 18.

1

Ultimately, on January 27, 2015, the state district court vacated Towles' sentence in this case because it found that the prosecution had violated the terms of the plea agreement. Exh. 22. The state district court resentenced Towles and imposed the same sentence – six months consecutive to his sentences in C70938. Exhs. 23, 24.

The Nevada Supreme Court affirmed the amended conviction on August 25, 2015, and remittitur issued on September 21, 2015. Exhs. 28, 29.

The court received Towles' federal habeas petition on February 2, 2016 (*see* ECF No. 1). Respondents now argue that several grounds are subject to dismissal as unexhausted and noncognizable in federal habeas corpus (ECF No. 17).

II. **Legal Standards**

   a. **Exhaustion**

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United

States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted). However, citation to state caselaw that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

### b. Guilty Plea and Federally Cognizable Claims

In *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), the United States Supreme Court held that "when a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." A petitioner may only attack the voluntary and intelligent character of the guilty plea. *Id*. When a petitioner has entered a guilty plea then

3

subsequently seeks to claim his counsel rendered ineffective assistance, such claim is limited to the allegation that defense counsel was ineffective in advising petitioner to plead guilty. *Fairbank v. Ayers*, 650 F.3d 1243, 1254–1255 (9th Cir.2011) (citing *Tollett*, 411 U.S. at 266–267, and explaining that because a guilty plea precludes a claim of constitutional violations prior to the plea, petitioner's sole avenue for relief is demonstrating that advice of counsel to plead guilty was deficient); *Lambert v. Blodgett*, 393 F.3d 943, 979 (9th Cir.2004).

### c. Claims Cognizable in Federal Habeas Corpus

A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable under federal habeas corpus. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). A petitioner may not transform a state-law issue into a federal one merely by asserting a violation of due process. *Langford v. Day*, 110 F.3d 1380, 1381 (9th Cir. 1996). Alleged errors in the interpretation or application of state law do not warrant habeas relief. *Hubbart v. Knapp*, 379 F.3d 773, 779-80 (9th Cir. 2004).

Generally, a challenge to a state evidentiary ruling does not involve a deprivation of a federal constitutional right, and therefore, is not cognizable in a federal habeas petition. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (a federal writ is not available for alleged error in the interpretation or application of state law); *Rhoades v. Henry*, 638 1027, 1034, n. 5 (9th Cir. 2011) ("[E]videntiary rulings based on state law cannot form an independent basis for habeas relief."); *Butcher v. Marquez*, 758 F.2d 373, 378 (9th Cir. 1985); *Gutierrez v. Griggs*, 695 F.2d 1195, 1197 (9th Cir. 1983).

### d. Conclusory Claims

In federal habeas proceedings, notice pleading is not sufficient. Mere conclusions of violations of federal rights without specifics do not state a basis for federal habeas relief.

4

*Mayle v. Felix*, 545 U.S. 644, 655 (2005). A petition may be summarily dismissed if the allegations in it are "vague, conclusory, palpably incredible, patently frivolous or false." *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (internal citations omitted); *see also Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

### III. Instant Petition

In his appeal of the amended judgment of conviction, Towles presented one claim to the Nevada Supreme Court: that his six-month sentence violated the Eighth Amendment prohibition against cruel and unusual punishment. Exh. 26. Towles sets forth five grounds for relief in his federal petition.[2] Respondents are correct that the only exhausted claim in the petition is the portion of ground 2 that asserts that his sentence is excessive in violation of the Eighth Amendment. As discussed below, the remaining claims are unexhausted; further, they are subject to dismissal as either noncognizable in federal habeas corpus or vague and conclusory.

In ground 1 Towles claims, without elaboration, that his Fifth Amendment rights were violated by prosecutorial misconduct, significant judicial error, *Brady* violations, *Strickland* violations, *Brecht* violations, that there was insufficient evidence to convict him and that structural defects occurred. (ECF No. 9, p. 3). Ground 1 has not been presented to the highest state court and is unexhausted. The claims are also vague and conclusory. Moreover, as Towles may only attack the voluntary and intelligent character of the guilty plea, a claim of insufficient evidence is barred by *Tollett*. Therefore, ground 1 is dismissed as vague, conclusory and noncognizable in federal habeas corpus.

Towles contends generally in ground 2 that serious structural defects at both the original sentencing and the re-sentencing violated fair procedure and his Eighth Amendment rights. (ECF No. 9, p. 5). This first portion of ground 2 is vague and conclusory and is dismissed accordingly. As stated above, Towles also claims in

---

[2] The court granted Towles' motion to amend his petition and construed the amended petition as petitioner's filings at ECF Nos. 9 and 10 taken together (*see* ECF No. 13).

ground 2 that his sentence shocks the conscience in violation of his Eighth Amendment rights. *Id*. This portion of ground 2 is exhausted.

In ground 3 Towles argues that the State violated his Fourth, Fifth and Sixth Amendment rights and the exclusionary rule by not providing him with proper notice, that the counts in the amended information were filed outside the legally provided period of limitations, and that the State improperly admitted evidence. (ECF No. 10, p. 2). Ground 3 is entirely unexhausted. Towles also mentions the exclusionary rule with no specific factual allegations. Finally, the claims of violation of state law are not cognizable in federal habeas corpus. *Estelle*, 502 U.S. at 67–68. Ground 3 is therefore dismissed.

Towles contends in ground 4 that his Fourth and Eighth Amendment rights were violated because the Justice Court did not have probable cause to believe that he was the person who committed the alleged acts (ECF No. 10, p. 3). This claim is unexhausted and also barred by his subsequent guilty plea. *Tollett*, 411 U.S. at 267. Ground 4, accordingly, is dismissed.

Finally, in ground 5 Towles asserts without elaboration that his Fourth and Fourteenth Amendment rights were violated because improper evidence that was "not legal" was admitted at the preliminary hearing. (ECF No. 10, p. 4). Ground 5 is unexhausted. Also, as discussed with respect to claims in ground 3, generally, a state-law evidentiary issue is not cognizable in federal habeas corpus. *See Estelle*, 502 U.S. at 67–68. Ground 5 is, therefore, dismissed as noncognizable.

**IV. Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 17) is **GRANTED** as follows:

The claim in ground 2 that petitioner's sentence is cruel and unusual in violation of the Eighth Amendment is **EXHAUSTED**.

The following grounds are **DISMISSED** as set forth in this order: grounds 1, 3, 4, 5 and all other claims in ground 2.

**IT IS FURTHER ORDERED** that respondents shall have **thirty (30) days** from the date of this order to file an answer to petitioner's remaining ground for relief.[3] The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition, and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service of respondents' answer in which to file a reply.

Dated: August 1, 2017.

_____
Howard D. McKibben
Senior U.S. District Judge

---

[3] The ground remaining before the court is the subpart of ground 2 that claims that petitioner's sentence is excessive and constitutes cruel and unusual punishment in violation of the Eighth Amendment (ECF No. 9, p. 5).