UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

DEE V. TOWLES,

        Petitioner,

v.

BACA, et al.,

        Respondents.

Case No. 3:16-cv-00050-HDM-WGC

ORDER

This *pro se* 28 U.S.C. § 2254 habeas petitioner by petitioner Dee V. Towles comes before the court for final disposition on the merits of the remaining claim (ECF No. 9).

**I.    Procedural History and Background**

As this court set forth in its order granting in part respondents' motion to dismiss, Towles was originally charged with one count of sexual assault and one count of lewdness with a child under age 14 (exhibits. 1, 3).[1] On February 10, 2009, Towles was convicted pursuant to a guilty plea agreement of one count of misdemeanor disturbing the peace. Exh. 12. The state district court sentenced Towles to 6 months in county jail. Exh. 11. The sentence was to run consecutively to case no. C70938 wherein he was sentenced to two concurrent sentences of life with the possibility of parole and a concurrent five-year sentence for lewdness with a minor. Exhs. 10, 11, 12, 13. Judgment of conviction was filed on February 25, 2009. Exh. 12.

---

[1] Exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 17, and are found at ECF No. 18.

1

Ultimately, on January 27, 2015, the state district court vacated Towles' sentence in this case because it found that the prosecution had violated the terms of the plea agreement. Exh. 22. The state district court resentenced Towles and imposed the same sentence – 6 months consecutive to his sentences in case no. C70938. Exhs. 23, 24.

The Nevada Supreme Court affirmed the amended conviction on August 25, 2015, and remittitur issued on September 21, 2015. Exhs. 28, 29. The court received Towles' federal habeas petition on February 2, 2016 (*see* ECF No. 1). Respondents have now answered the remaining portion of ground 2.

## II. Antiterrorism and Effective Death Penalty Act (AEDPA) Legal Standard

The AEDPA provides the legal standards for this court's consideration of the petition in this case:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693-694 (2002). This Court's ability to grant a writ is limited to cases where "there is no possibility fair-minded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing

2

*Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)); *see also Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (describing the AEDPA standard as "a difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt") (internal quotation marks and citations omitted).

A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer*, 538 U.S. at 73 (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000), and citing *Bell*, 535 U.S. at 694.

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer*, 538 U.S. at 74 (quoting *Williams*, 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous; the state court's application of clearly established law must be objectively unreasonable. *Id*. (quoting *Williams*, 529 U.S. at 409).

To the extent that the state court's factual findings are challenged, the "unreasonable determination of fact" clause of § 2254(d)(2) controls on federal habeas review. *E.g., Lambert v. Blodgett*, 393 F.3d 943, 972 (9th Cir.2004). This clause requires that the federal courts "must be particularly deferential" to state court factual determinations. *Id*. The governing standard is not satisfied by a showing merely that the state court finding was "clearly erroneous." 393 F.3d at 973. Rather, AEDPA requires substantially more deference:

> .... [I]n concluding that a state-court finding is unsupported by substantial evidence in the state-court record, it is not enough that we would reverse in similar circumstances if this were an appeal from a district court decision. Rather, we must be convinced that an appellate panel, applying the normal standards of appellate review, could not reasonably conclude that the finding is supported by the record.

*Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir.2004); *see also Lambert*, 393 F.3d at 972.

Under 28 U.S.C. § 2254(e)(1), state court factual findings are presumed to be correct unless rebutted by clear and convincing evidence. The petitioner bears the burden of proving by a preponderance of the evidence that he is entitled to habeas relief. *Cullen*, 563 U.S. at 181.

### III.  Remaining Claim in the Petition

Towles argues that his six-month sentence violated the Eighth Amendment prohibition of cruel and unusual punishment (ECF No. 9, p. 5).

The Eighth Amendment to the United States Constitution proscribes cruel and unusual punishments.  The Eighth Amendment does not require strict proportionality between crime and sentence, but instead forbids sentences that are "grossly disproportionate" to the crime. *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring).  Successful challenges to the proportionality of particular non-capital sentences "have been exceedingly rare." *Ewing v. California*, 538 U.S. 11, 21 (2003).  A sentence within statutory limits generally will not be overturned on Eighth Amendment grounds.  *U.S. v. Parker*, 241 F.3d 1114, 1118 (9th Cir. 2001).

Under Nevada Revised Statutes 203.010 and 193.150(1), disturbing the peace is a misdemeanor offense, punishable by up to 6 months in county jail.  The state district court has the discretion to impose such sentence concurrently or consecutively to other sentences.  NRS 176.035(1).

In its order affirming the conviction, the Nevada Court of Appeals made the following determination regarding Towles' Eighth Amendment challenge to his sentence:

4

> Appellant Dee Towles claims his six-month jail sentence constitutes cruel and unusual punishment because it was imposed to run consecutive to the life sentence he is already serving in another case and thereby renders his ability to make parole in that case an impossibility. Towles also claims his six-month sentence is disproportionate to the offense of disturbing the peace.
>
> Regardless of its severity, "[a] sentence within the statutory limits is not cruel and unusual punishment unless the statute fixing punishment is unconstitutional or the sentence is so unreasonably disproportionate to the offense as to shock the conscience." *Blume v. State*, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996) (internal quotation marks omitted); *see also Harmelin v. Michigan*, 501 U.S. 957, 1000-01 (1991) (plurality opinion) (explaining that the Eighth Amendment does not require strict proportionality between crime and sentence; it forbids only an extreme sentence that is grossly disproportionate to the crime).
>
> Here, Towles' sentence falls within the parameters of the relevant statutes…Towles does not allege that the relevant statutes are unconstitutional. And we are not convinced the sentence imposed is so grossly disproportionate to the crime as to constitute cruel and unusual punishment.

Exh. 28.

Respondents argue that Towles does not challenge the constitutionality of the statutes in question, and no clearly established U.S. Supreme Court law dictates that this 6-month sentence was so grossly disproportionate as to shock the conscience (ECF No. 34). Further, they point out that Towles was released on parole for the life sentence, has now completed the 6-month sentence for disturbing the peace, and is no longer incarcerated (ECF No. 34-1).[2] Thus, the record belies his claim that the consecutive sentence rendered parole on the life sentence an impossibility.

The court concludes that Towles has not shown that the Nevada Court of Appeals' decision on federal ground 2 was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the U.S. Supreme Court, or was based on an unreasonable determination of the facts in light of the evidence presented

---

[2] The court also takes judicial notice of the inmate information on the Department of Corrections' website, which reflects that the Parole Board granted Towles parole on his life sentence on September 14, 2017. Thereafter, he was transferred to Nye County to complete his 6-month sentence and was subsequently released on parole (*see* ECF No. 45; ECF No. 34-1).

in the state court proceeding. 28 U.S.C. § 2254(d). Accordingly, ground 2 is denied. Thus, the petition is denied in its entirety.

### IV. Certificate of Appealability

This is a final order adverse to the petitioner. As such, Rule 11 of the Rules Governing Section 2254 Cases requires this court to issue or deny a certificate of appealability (COA). Accordingly, the court has *sua sponte* evaluated the claims within the petition for suitability for the issuance of a COA. *See* 28 U.S.C. § 2253(c); *Turner v. Calderon*, 281 F.3d 851, 864-65 (9th Cir. 2002).

Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct. *Id*.

Having reviewed its determinations and rulings in adjudicating Towles' petition, the court finds that none of those rulings meets the *Slack* standard. The court therefore declines to issue a certificate of appealability for its resolution of Towles' claim.

### V. Conclusion

**IT IS THEREFORE ORDERED** that the petition (ECF No. 9) is **DENIED** in its entirety.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly and close this case.

DATED: December 18, 2018.

_Howard D. McKibben_
HOWARD D. MCKIBBEN
SENIOR U.S. DISTRICT JUDGE

6